UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL CARLSON,<br><br>           Plaintiff,<br><br>     v.<br><br>TERESA JOHNSON,<br><br>           Defendant. | NO.  C06-146JLR<br><br>ORDER |

This matter comes before the court on the Government's motion to dismiss (Dkt. # 3).

Plaintiff Michael Carlson originally sued Teresa Johnson, his supervisor at a Seattle area branch of the United States Postal Service, in King County District Court. Mr. Carlson's claim consists of a single sentence: "Ms. Johnson has my person[a]l items and will not return them." He provides no other details. Ms. Johnson claims that when another Postal Service employee asked her to mediate a dispute over a borrowed video game console belonging to Mr. Carlson, she declined to do so, but retained the console until the employee could pick it up at the end of his shift. She also issued Mr. Carlson a disciplinary notice for an at-work altercation with the other employee over the console.

The Government properly removed the action to this court. It then substituted the United States as a Defendant in place of Ms. Johnson, pursuant to 28 U.S.C. § 2679(d)(1). It now moves to dismiss the action for lack of subject matter jurisdiction.

ORDER- 1

Mr. Carlson has not opposed the Government's motion.

Based on the record before it, the court concludes that this matter is either a tort claim for conversion of Mr. Carlson's property or trespass to his chattels, or is a dispute over the propriety of Ms. Johnson's disciplinary action against Mr. Carlson. In either case, this court lacks jurisdiction.

To the extent Mr. Carlson's claim sounds in tort, he has not complied with the pre-suit notification requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. Section 2675(a) of the FTCA prohibits a plaintiff from bringing suit until he has "presented the claim to the appropriate Federal agency" and the agency[1] either denies the claim or allows six months to pass without action. The court lacks subject matter jurisdiction over any action that does not comply with § 2675(a), as the statute's requirements are conditions precedent to the Government's waiver of sovereign immunity. Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 743 (9th Cir. 1991). Mr. Carlson has not complied with § 2675(a), and thus the court must dismiss his action to the extent it sounds in tort.

The court also lacks jurisdiction to the extent Mr. Carlson's action is an objection to Ms. Johnson's disciplinary action. Under the Civil Service Reform Act ("CSRA"), a covered employee's remedy for employment grievances is limited to administrative procedures provided under the CSRA and the employee's collective bargaining agreement. Whitman v. Dep't of Transportation, 382 F.3d 938, 942 (9th Cir. 2004). The record reveals that Mr. Carlson is a covered employee subject to a collective bargaining agreement. This court therefore cannot hear his grievance.

---

[1] The United States Postal Service is not technically a United States agency. See 39 U.S.C. § 201. It is treated like an agency, however, for purposes of most tort claims. 39 U.S.C. § 409(c).

ORDER- 2

1   For the foregoing reasons, the court GRANTS the Government's motion to dismiss
2   (Dkt. # 3). The clerk shall enter judgment for the Government in accordance with this order.
3   Dated this 12th day of April, 2006.

JAMES L. ROBART
United States District Judge

ORDER- 3